PER CURIAM
*470 *509 Petitioner appeals a judgment denying his petition for post-conviction relief from his conviction for unlawful delivery of methamphetamine involving substantial quantities, ORS 475.890(2). Petitioner, who was convicted of that offense pursuant to a plea deal, alleges that his trial lawyer provided constitutionally inadequate and ineffective assistance, in violation of petitioner's rights under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution, in two ways: (1) by providing deficient advice regarding the immigration consequences of accepting the plea deal; and (2) by failing to file a motion to suppress before petitioner entered his plea. We reverse and remand with respect to the immigration consequences claim, but affirm the denial of relief on petitioner's motion to suppress claim.
The post-conviction relief (PCR) court rejected petitioner's immigration consequences claim on the state's motion for summary judgment. The court declined to consider petitioner's evidence in opposition to the motion because petitioner had submitted that evidence on a computer disc instead of in paper form. On appeal, the state notes that the trial court register reflects that petitioner's response to the motion for summary judgment was properly filed with the exhibits linked and concedes-correctly-that petitioner's evidence was properly before the court. The state further acknowledges that there was a "factual dispute at the heart of [the claim]" regarding the adequacy of trial counsel's advice about the immigration consequences of the plea deal. The state nonetheless urges us to affirm, pointing to the fact that, following the trial on the motion to suppress claim, the PCR court made factual findings related to the immigration consequences claim. The state reasons that those findings show that petitioner was afforded a trial on the immigration consequences claim so as to make the court's previous rejection of the claim on summary judgment harmless.
The state's argument overlooks the procedural harm to petitioner resulting from the PCR court's error. The effect of the erroneous grant of summary judgment was to take the immigration consequences claim away from the factfinder *510 before the PCR trial, even though petitioner's evidence demonstrated that he was entitled to a trial on that claim. Although the state is correct that the court made findings related to the immigration consequences claim in its written judgment, the trial transcript demonstrates that the parties understood at the time of trial that the only claim before the court was the motion to suppress claim. Petitioner had no notice that the trial might also be treated as a trial on the immigration consequences claim, and was not otherwise afforded a fair opportunity to litigate his immigration consequences claim before the PCR court acting in its capacity as factfinder. We must therefore reverse and remand for a trial on petitioner's immigration consequences claim.
As to petitioner's motion to suppress claim, we have reviewed the record in light of the parties' arguments. Having done so, we reject without further written discussion petitioner's contention that the PCR court erred in denying relief on that claim.
Reversed and remanded as to immigration consequences claim; otherwise affirmed.